IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

NADIA DE LA CRUZ, an individual,

    Plaintiffs,
vs.

BAY PLACE CONDOMINIUM ASSOCIATION,
INC., a Florida non-profit corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

Plaintiff, Nadia De La Cruz, an individual ("plaintiff") sues the defendant, Bay Place Condominium Association, Inc., a Florida non-profit corporation ("association") for damages arising from the association's violation of the Federal Fair Housing Act, or 42 U.S.C. §3604 ("The Act") and demands trial by jury regarding all issues so triable as follows.

## INTRODUCTION, VENUE AND JURISDICTIONAL ALLEGATIONS

1. This is an action for damages associated with the association's conduct of violating The Act by discriminating against the plaintiff tenant in the rental of her dwelling based on his familial status.

2. The Court has subject matter jurisdiction arising from the association's conduct of violating the Act.

3. The plaintiff was the tenant within a residential property located within the building operated and managed by the defendant association. At the time of the completion of the application, the plaintiff was not pregnant and did not have children.

4. The defendant association is a Florida non-profit corporation that provides the operation and management of the building located in Broward County, Southern District of Florida at the location commonly described as 2420 Diana Drive, Hallandale Beach, Florida 33009.

Case 0:21-cv-61994-BB   Document 1   Entered on FLSD Docket 09/23/2021   Page 2 of 6

*Cruz vs. Bay Place Condominium Association*
*Case No.:*

5. The defendant association is governed by the governing documents (hereinafter "association documents"). The association documents are attached hereto as **EXHIBIT "A".**

6. A review of the association documents evidences the fact that the Association is not a 55 and over community and, therefore, families with children under the age of 18 are entitled to reside within the defendant association. In addition, the association documents do not prohibit the unit owners from leasing their respective units to third party tenants. The lease agreements are, however, conditioned on approval from the defendant association.

7. Venue properly lies in the Southern District of Florida because the parties are residing and/or are doing business in the Southern District of Florida and the residential property is located in The Southern District of Florida.

## SUMMARY AND BACKGROUND OF THE ACT

8. On September 13, 1988, Congress amended the Act to prohibit housing practices that discriminate on the basis of familial status. 42 U.S.C. § 3601 et. seq. In amending the Act, Congress recognized that "families with children are refused housing despite their ability to pay for it." H.R. Re. No. 711, 100th Cong., 2nd Sess. (1988). In addition, Congress cited a HUD survey that found 25% of all rental unit exclude children and that 50% of all rental units have policies that restrict families with children in some way. *See* Marans, *Measuring Restrictive Rental Practices Affecting Families With Children, A National Survey,* Office of Policy, Planning and Research, HUD, (1980). The HUD Survey also revealed that almost 20% of families with children were forced to live in less desirable housing because of restrictive policies. Congress recognized these problems and sought to remedy them by amending the Fair Housing Act to make families with children a protected class.

9. The Act was amended in 1988 to prohibit housing practices that discriminate on the basis of familial status. 42 U.S.C. §§ 3601-19. "Familial status", as relevant to this case, is defined by the Act as, in part, "one or more individuals (who have not attained the age of eighteen years) being domiciled with. . . .(1) a parent or another person having legal custody of such individual or individuals. . .. Id. at §3602(k); 24 C.F.R. §100.20.

Case 0:21-cv-61994-BB   Document 1   Entered on FLSD Docket 09/23/2021   Page 3 of 6

*Cruz vs. Bay Place Condominium Association*
*Case No.:*

10. Following the amendment of the Act in 1988, the association has been discriminating against families, including the plaintiff tenant, by placing restrictive and illegal language in the association documents. The language in the association documents is in violation of the Act.

11. The association documents provide, in part, as follows:

> **18. Use Restrictions. The use of the property of the condominium shall be in accordance with the following provisions:**
>
> **18.1 Units. (a) Children under fourteen (14) years of age are not permitted as permanent residents of the condominium without the prior written consent of the Board of Directors, which will be granted only in cases of emergency or hardship and then only on a temporary basis.**

12. During the lease term, the plaintiff tenant became pregnant. Immediately after her pregnancy was disclosed and made known to the residents, including the defendant association, the defendant association engaged in direct and indirect conduct designed to ensure that the plaintiff tenant would move from the leased premises within the building.

13. The defendant association's direct and indirect conduct included, without limitation, the following: (i) harassment of the plaintiff tenant's boyfriend while he was in the building attempting to assist the plaintiff tenant with daily issues arising from her pregnancy and the issues caused by the defendant association's failure to cure the issues with the building elevator; (ii) demanding that the landlord initiate eviction proceedings through the constant and continuous fines on the landlord designed to coerce the landlord to evict the plaintiff tenant; (iii) communicating to the landlord that the landlord should pass the fines down to the plaintiff tenant to further coerce the plaintiff tenant to vacate the building; (iv) comments from the defendant association associated with the removal of the plaintiff tenant including, without limitation; (a) "shake the tree"; (b) "nobody likes the kid"; (c) call the sheriff; (d) "get the whole thing removed"; and (e) remove on a double speed basis; and (v) the selective enforcement of capricious and arbitrary rules and regulations against the plaintiff tenant.

Case 0:21-cv-61994-BB   Document 1   Entered on FLSD Docket 09/23/2021   Page 4 of 6

*Cruz vs. Bay Place Condominium Association*
*Case No.:*

14. The harassing conduct against the plaintiff tenant continued after the plaintiff tenant delivered her baby. Such conduct included, without limitation communicating with child protective services and the clear intent to remove the plaintiff tenant from the building without cause or provocation.

15. The governing documents regarding the use restrictions are *per se* discriminatory towards families in violation of The Act.

16. The plaintiffs have retained the undersigned law firm and has agreed to pay the undersigned law firm a reasonable fee for the services.

17. All conditions precedent has been met or has otherwise been waived or satisfied.

### COUNT I—VIOLATION OF 42 USCA §3604(b) and (c)
### (PLAINTIFF TENANT AGAINST ASSOCIATION)

18. Plaintiff Tenants readopt and reincorporate the allegations contained in Paragraphs 1 through 17, inclusive, as if specifically incorporated herein.

19. Plaintiff Tenant brings a cause of action sounding in the violation of The Act.

20. The Act provides, in part, as follows:
*********************
"As made applicable by section 3603 of this title and except as exempted by sections 3603(b) and 3607 of this title, it shall be unlawful—

(b) To discriminate against any person in the terms, conditions or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of age, color, religion, sex, familial status or national origin.

(c) To make, print or publish or cause to be made, printed or published any notice, statement or advertisement with respect to the sale or rental of a swelling that includes any preference, limitation or discrimination based on race, color, religion, sex, handicap, familial status or national origin or an intention to make any such preference, limitation or discrimination".
******************

21. The defendant association violated The Act by establishing the existence of facially discriminatory rules that treat children and, thus, families with children, differently and less favorably than adult only households through doing and/or failing to do the following: (i) the

Case 0:21-cv-61994-BB   Document 1   Entered on FLSD Docket 09/23/2021   Page 5 of 6

*Cruz vs. Bay Place Condominium Association*
*Case No.:*

publication of the per se discriminatory Association Rules as to the tenant's familial status; and (ii) the prohibition from permitting children to permanently reside in a unit.

22. As a direct and proximate result of the association's violation of the act, the plaintiff tenant has incurred damages.

### DEMAND FOR ATTORNEYS' FEES

23. Plaintiff Tenant further demand reasonable attorneys' fees and costs necessitated by bringing the pending action against the Defendant.

**WHEREFORE,** Plaintiff Tenant requests a judgment finding that the defendant association's conduct is a violation of the act and further demands any further relief, including actual and punitive damages and reasonable attorneys' fees, costs, and expenses that the Court deems fair, just and equitable.

### COUNT II—VIOLATION OF 42 USCA § 3617
### (PLAINTIFF TENANT AGAINST ASSOCIATION)

24. Plaintiff Tenants readopt and reincorporate the allegations contained in Paragraphs 1 through 17, inclusive, as if specifically incorporated herein.

25. Plaintiff Tenant brings a cause of action sounding in the violation of 42 USCA § 3617 against the defendant association.

26. Association violated 42 USCA § 3617 by engaging in a systematic and continuous course of dealing designed to coerce, intimidate, threaten, or interfere with the Plaintiff Tenant in their exercise or enjoyment of residing in the Association through their conduct of the creation and implementation of the *per se* discriminatory association rules.

27. As a direct and proximate result of such conduct, the plaintiff tenant has incurred damages.

### DEMAND FOR ATTORNEYS' FEES

28. Plaintiff Tenant further demand reasonable attorneys' fees and costs necessitated by bringing the pending action against the Defendant.

*Cruz vs. Bay Place Condominium Association*
*Case No.:*

**WHEREFORE,** Plaintiff Tenant requests a judgment finding that the association's conduct is in violation of 42 USCA § 3617 and further demands any further relief that the Court deems fair, just, and equitable.

### DEMAND FOR TRIAL BY JURY

Plaintiff Tenant demands a trial by jury regarding all issues so triable.

Dated this 23rd day of September, 2021

Respectfully submitted,

THE LAW OFFICES OF GEOFFREY D. ITTLEMAN, P.A.
955 S. Federal Highway, Suite 339
Fort Lauderdale, Florida 33301
Tel: (954) 462-8340
Fax: (954) 324-2037
geoffrey@ittlemanlaw.com

-and-

OMID JOHN P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Tel: (954) 205-4247
esq@omidjohn.com

By:    /s/ *Geoffrey Ittleman*
Geoffrey D. Ittleman, Esq.
Fla. Bar No.: 377790
Omid J. Esmailzadegan, Esq.
Fla. Bar No.: 1004142